**Annie Ruth JACKSON, Appellant,**

v.

**Mollie Deborah KILLOUGH, Appellee.**

No. 20493.

Court of Civil Appeals of Texas, Dallas.

March 25, 1981.

Robert H. Bezucha, John E. Agnew, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Eugene W. Brees, Thompson & Knight, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STOREY, Justice.

This is an automobile collision case in which plaintiff seeks to overturn a jury verdict finding no damages as so against the great weight and preponderance of the evidence as to be manifestly unjust. Plaintiff contends that the fact of injury is not in dispute, and hence that the jury is not at liberty to disregard undisputed testimony as to the amount of damages suffered and to be suffered in the future by plaintiff. Al-

though we agree with plaintiff's characterization of the law, we disagree as to the fact of injury, at least insofar as it derives from the accident in question. Accordingly, we affirm.

Plaintiff, Annie Ruth Jackson, was struck by an automobile driven by Mollie Deborah Killough as plaintiff was backing out of a parking place in the parking lot of Goodwill Industries, Inc. in Dallas, Texas. Mrs. Jackson's testimony that Mollie Killough was traveling at about fifteen miles per hour was not contested. The severity of the impact was contested, but it is clear that the impact of the collision drove Mrs. Jackson's automobile into the adjoining parked car, doing that car, however, no damage. The Killough automobile was not damaged and traveled only about a foot after impact. Mrs. Jackson's automobile suffered some damage on each side toward the rear, but was operable. Mrs. Jackson complained of no injuries at the scene, and none were apparent, but she went to a doctor the next day. The doctor testified that her "subjective" complaints of pain in her neck and upper back were consistent with a history of traffic collision, as was the only "objective" manifestation of injury, muscle spasm, which he confirmed by independent observation.

The case was submitted to the jury without an inquiry as to the fact of injury. Each party was found to be fifty percent (50%) negligent. The following special issue was submitted on damages, the jury finding "none" to each:

ISSUE NO. 15

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly compensate Annie Ruth Jackson for her injuries, if any, resulting from the occurrence in question?

Answer separately in dollars and cents or "none" with respect to each of the following elements:

a. Physical pain and mental anguish in the past.

b. Physical pain and mental anguish which in reasonable probability she will suffer in the future.

c. Reasonable expenses of her necessary medical care in the past.

d. Loss of earnings, if any, in the past.

No objection was made to the form of submission. In the absence of a separate inquiry whether plaintiff suffered injury and whether this accident caused injury, this mode of submission inquires whether plaintiff suffered injury, and whether this accident caused such injury, as well as the amount and extent of injury.

■ Plaintiff argues that the case must be reversed because the jury findings as to damages are so against the great weight and preponderance of the evidence as to be manifestly unjust. To so find, we must consider each of the jury's findings, as to injury, cause, and amount of damages, to have been established by such clear and uncontradicted evidence that the jury must have been presumed to have been activated solely by bias and prejudice. We are unable to so conclude.

■ With respect to the fact of injury, the record reveals the following: a possible soft tissue neck injury, no complaint at the scene, a low speed collision, a prior injury to the same region in 1972, and some evidence of slight degenerative disc disease. The only objective finding of injury was muscle spasm. The jury may well have concluded from this evidence that the injury was simply a recurrence of prior back problems, or that such medical treatment as she received was unnecessary and excessive. Additionally, the only evidence concerning causal connection was the testimony of the treating physician. Not having observed the collision, he could only testify that the nature of Mrs. Jackson's symptoms were consistent with the type of accident involved. The jury was not bound to accept this testimony as establishing a causal connection. As stated in this court's recent opinion in *Middleton v. Palmer*, 601 S.W.2d 759, 766 (Tex.Civ.App.—Dallas 1980, no writ): "[t]here was no directly observable or 'objective' evidence that the *source* of . . . injury was the result of the particular accident in question." The same is true in this

case. Although the delay in *Middleton* in seeking treatment was longer than in this case, there is nothing objective to relate the injuries of which plaintiff complains to this accident. Similarly, the jury, believing that the accident caused her injuries, could have believed that her injuries were so insubstantial as not to require treatment, despite the testimony of the treating physician that such treatment was necessary, and her own testimony that she missed a month of work and experienced substantial pain and suffering. The jury is not required to accept the opinions of doctors. *Hulsey v. Drake*, 457 S.W.2d 453 (Tex.Civ.App.—Austin 1970, writ ref'd n. r. e.). Because the jury might have legitimately answered "none" in response to each of the injuries embodied in the submitted special issue, we affirm.