**Mary RUSSELL, Appellant,**

**v.**

**Darlene HANKERSON, Appellee.**

**No. 13–88–201–CV.**

Court of Appeals of Texas, Corpus Christi.

May 18, 1989.

Rehearing Denied June 15, 1989.

Ann A. Skaro, Corpus Christi, for appellant.

Bob J. Spann, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, Mary Russell, brought suit against appellee, Darlene Hankerson, for personal injuries she sustained when her car collided with appellee's. The jury found each party 50% negligent and further found the negligence of both parties to be proximate causes of the collision. The jury awarded appellant $295.00 for past lost earnings, but found that appellant sustained "zero" damages for future loss of earning capacity, past and future medical expenses, physical impairment, pain and mental anguish. Appellant contends on appeal that the findings of "zero" damages are against the great weight and preponderance of the evidence. We reverse and remand.

On April 7, 1986, appellant's car collided with appellee's car at the intersection of Staples and Gollihar in Corpus Christi, Texas. Appellant testified that she applied her brakes just before the accident; at the point of impact, her right foot slipped off the brake and became "tangled" under the pedal.

Appellant was taken to the emergency room at Spohn Hospital later that day, where she was examined by Dr. Larry Johnson. Dr. Johnson x-rayed appellant's foot and diagnosed her as suffering from a "probable linear cortical fracture." He further noted in his report that the foot exhibited signs of ecchymosis, or bleeding of tissues.

Dr. Ted Williams testified by videotape deposition that he saw appellant on April 16, 1986, following a referral by Dr. Johnson. He also x-rayed the foot on May 16, 1986, but could not conclude that a fracture existed at that time.

Dr. Lawrence Wilk saw appellant on June 13, 1986. While Wilk did not testify at trial, his reports indicate that in his opinion, a fracture was not present; however, appellant had sustained a "severe soft tissue injury to the dorsum of her right foot." The report further states that appellant could be suffering from a "Morton's neuroma," an ailment which may or may not be trauma-related.

Upon completion of the trial, the jury found each party 50% negligent and that negligence was the proximate cause of the occurrence. When asked the amount of money that would compensate Mary Russell for her injuries, if any, the jury answered "zero" for each element of damage

sought except loss of earning capacity in the past, for which it found $295.00.

Appellant argues by her first point of error that the jury's answers to special issues nos. 6(a), 6(e), and 6(g) regarding past pain, and mental anguish, physical impairment, and medical expenses are contrary to the overwhelming weight and preponderance of the evidence.

In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain*, 709 S.W.2d 175, 196 (Tex. 1986); *Ford Motor Co. v. Nowak*, 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt*, 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (Per Curiam); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

### A. Past Pain, Mental Anguish and Physical Impairment

The record reflects the following evidence of pain, mental anguish and physical impairment. In his report, Dr. Johnson noted that appellant's foot was swollen and tender to the touch, and that appellant experienced pain when her third toe was flexed. Dr. Johnson applied a partial cast and gave appellant a pair of crutches. After approximately five days, appellant was fitted with a full cast, which she wore for one week.

Dr. Williams stated in his deposition that appellant had a "painful swollen foot" which was "tender to the touch" and could not bear her full weight.

Appellant testified that she experienced pain in her foot upon exiting her car immediately after the accident. She further stated that the pain continued for four weeks after the accident, and that her foot still hurts her occasionally; as a result of her injury, she has been unable to work, go to the grocery store, perform household chores, visit her family, and take part in leisure activities. She testified at length of the difficulties caused by the cast and crutches.

In *Sansom v. Pizza Hut, Inc.*, 617 S.W.2d 288 (Tex.Civ.App.—Tyler 1981, no writ), the court reviewed the standards to be applied when a jury finds a negligently caused accident but fails to find any damages, or finds only certain elements of damages. It held that if a plaintiff has "objective symptoms of injury," i.e. a cut or laceration, this evidence cannot be disregarded by the jury when the defendant fails to refute it. *Id.* at 294.[1]

Here, appellant exhibited several clear "objective symptoms of injury." Drs. Johnson, Williams, and Wilk each verified the existence of severe swelling of the right foot and black discoloration of the area which indicated bleeding of the tissues. Although the reports of Drs. Johnson and Williams conflict as to whether the foot was fractured, we do not find the existence of a fracture to be controlling, as trauma to either bone or tissue may result in an injury. The evidence was uncontroverted that appellant suffered a "soft tissue injury."

Appellee cites *Jackson v. Killough*, 615 S.W.2d 274 (Tex.Civ.App.—Dallas 1981, no writ) and *McGuffin v. Terrell*, 732 S.W.2d 425 (Tex.App.—Fort Worth 1987, no writ) in support of his contention that the complained-of findings should be upheld. However, in *McGuffin* there were no objective symptoms that an injury had been sustained, and in *Jackson* the only objective

---

1. We recognize that the above rule only applies when the causation of the injury has been satisfactorily established. *Blount v. Earhart*, 657 S.W.2d 898, 902 (Tex.App.—Tyler 1983, no writ). In the present case, none of the evidence adduced at trial suggested that appellant's ailment was caused by anything other than the collision in question. Although Dr. Wilk diagnosed a possible "Morton's neuroma," his report did not indicate that such ailment was necessarily a pre-existing condition or that it was the sole cause of appellant's alleged injury.

evidence of injury was muscle spasm. We find these cases to be distinguishable.

In the present case, all three physicians testified that the foot was swollen and discolored. The appellant testified as to its painfulness, but that evidence was supported by the doctors. A jury is not at liberty to disregard the evidence that an injury has occurred and award no damages. *Lowery v. Berry*, 153 Tex. 411, 269 S.W.2d 795, 797 (1954); *Sansom*, 617 S.W.2d at 293.

No evidentiary support is required for a jury's failure to find a fact, but the failure to find may not be in the face of overwhelming evidence of the existence on the fact. The jury's rationale had to be, in failing to find past pain and suffering, that the injury was unaccompanied by pain or the pain was so minute as to not justify an award of damages. The plaintiff made several inconsistent statements concerning material details of the collision, e.g., in which lane she was traveling and whether or not she "looked up" and first saw the defendant's car. The collision was minor and the injury to the plaintiff's right foot occurred when it slipped off the brake pedal and became entangled beneath the pedal.[2] The jury could easily have found the plaintiff unsympathetic, due to her seemingly excessive complaints and exaggeration of her difficulties.

### B. Past Medical Expenses

Nor may a jury ignore evidence of past medical expenses which were attributable to the accident in question. *Pate v. Tellepsen Construction Co.*, 596 S.W.2d 548, 551 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The bills and records of Drs. Johnson, Williams, and Wilk reflect expenses which total over six hundred dollars.

Although appellee argues there was some evidence that the cast and crutches prescribed to appellant constituted unnecessary medical treatment, such evidence was limited to Dr. Williams' deposition testimony that appellant "probably" could have recovered "some day" from her injury without the aid of a cast. The testimony which immediately followed this statement, however, clarified that Williams believed Dr. Johnson's use of a cast *was* a necessary and reasonable treatment of a soft tissue injury, although it was conceivable that one could bypass this necessary treatment and still "someday" recover from the injury.

However, after reviewing the record, we find nothing to controvert the evidence that appellant was injured in the collision and that she suffered pain and some physical impairment prior to trial. *See Crowe v. Gulf Packing Co.*, 716 S.W.2d 623, 625 (Tex.App.—Corpus Christi 1986, no writ); *Del Carmen Alarcon v. Circe*, 704 S.W.2d 520, 521 (Tex.App.—Corpus Christi 1986, no writ).

We conclude that the jury's findings of "zero" damages for past pain, mental anguish, physical impairment, and medical expenses are against the great weight and preponderance of the evidence. *See Sansom*, 617 S.W.2d at 293; *Pate*, 596 S.W.2d at 551. Point of error number one is sustained.

Appellant contends by her fifth point that the trial court erred in excluding the testimony of appellant concerning the mental anguish she allegedly suffered as a result of her inability to work and pay company bills.

During direct examination, appellant's counsel attempted to show the relationship between the decline in sales of appellant's company, Crishawan Restaurant Supply, and appellant's claim of mental anguish. Appellee objected on the grounds that such financial information was irrelevant since the company's decline in sales were mainly attributable to external economic factors and not to appellant's foot injury. The trial court disallowed the testimony but permitted appellant's counsel to make a bill of exception.

Appellant testified in the bill of exception that Crishawan's overall daily sales

---

**2.** Also under the brake pedal after the collision was the plaintiff's hydrocephalic Yorkshire Terrier, who was being transported to the veterinarian.

dropped approximately 50% after car accident. As a result, she suffered considerable mental grief due to the hardship which the situation created for her boss and co-employees.

■ "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Tex.R.Civ.Evid. 401. In a case where some of the surrounding facts indicate admissibility and other facts indicate inadmissibility, the trial judge has discretion to admit or exclude the evidence. *Shamrock Hilton Hotel v. Caranas*, 488 S.W.2d 151, 154 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Here, we cannot say the trial court abused its discretion by finding that appellant's decline in sales was unrelated to her injury and therefore irrelevant, or that such evidence would be misleading or confusing to the jury. *See* Tex.R.Civ.Evid. 402 and 403. Point five is overruled.

■ Appellant argues by his sixth point that the trial court erred in not allowing her accident reconstruction expert to testify as to the ultimate issue of negligence. We find that any error committed by the trial court in this regard was harmless since the jury found each party 50% negligent and there is no challenge of this finding on appeal. Tex.R.App.P. 81(b)(1). We overrule point six.

Given our disposition of point of error one, appellant's second through fourth points are indispositive and need not be addressed.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.