Gillespie v. Cline 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 






NO. 3-92-256-CV






JOSEPH GILLESPIE,



 APPELLANT


vs.





LAURA CLINE AND WILLIAM CLINE d/b/a CLINE AND COMPANY,



 APPELLEES



 




FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY



NO. 3122, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING



 



 Joseph Gillespie sued Laura Cline and William Cline d/b/a Cline & Company ("the
Clines") for breach of an employment contract. The trial court rendered judgment on a jury
verdict finding a one-year employment agreement, but finding no breach and awarding no
damages. Gillespie appeals this take-nothing judgment. We will reverse the trial court's
judgment and remand the cause for a new trial.



FACTS


 In December 1989, Gillespie sought employment as a staff accountant with the
Clines, who own an accounting firm. After two interviews, the Clines extended an offer of full-time employment to Gillespie, evidenced by a letter dated December 14, 1989 ("the letter"). The
trial court determined that the letter constituted a contract of employment. The letter states:

As we discussed today, this offer of employment shall be at the rate of $18,000 per
year ($8.65 per hour for calculation of overtime at straight-time rate during the
busy season and accumulation of the one-half overtime which will be available to
you as compensating time off between April 15th and December 1st).



Gillespie began employment with the Clines on January 8, 1990, but was terminated after the tax
season on April 18, 1990. 

 Because the letter offered him employment "at the rate of $18,000 per year,"
Gillespie contends that the Clines agreed to employ him for one year. He alleges that the Clines
breached this contract by terminating him after four months, causing him damages of $12,470.02. 
The Clines assert that the letter established only a rate of pay, not a specific term of employment,
making Gillespie an employee "at will."

 The suit was tried to a jury, which found a one-year employment contract. The
jury failed to find a breach of this contract, and awarded Gillespie neither damages nor attorney's
fees. Based on the jury verdict, the trial court rendered a take-nothing judgment against Gillespie
and denied his motion for new trial. Having perfected his appeal, Gillespie challenges the legal
and factual sufficiency of the evidence to support the jury's answers on the breach, damages, and
attorney's fees issues. (1)



DISCUSSION


 In deciding a legal-sufficiency point of error that attempts to overcome an adverse
fact finding, we must consider only the evidence and inferences tending to support the finding and
disregard all evidence and inferences to the contrary. If no evidence supports the finding, we
must then examine the entire record to see if the contrary proposition is conclusively established. 
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); see generally William Powers,
Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev.
515, 523 (1991). When an appellant assails both the legal and factual sufficiency of the evidence,
the court must first address the legal-sufficiency arguments. Glover v. Texas Gen. Indem. Co.,
619 S.W.2d 400, 401 (Tex. 1981); Robert W. Calvert, "No Evidence" and "Insufficient Evidence"
Points of Error, 38 Tex. L. Rev. 361, 369 (1960).

 The jury answered Question One (2) affirmatively, finding a one-year employment
contract at the rate of $18,000 per year. Because the Clines did not challenge this answer on
appeal, we are bound to uphold the jury's finding. McGalliard v. Kuhlmann, 722 S.W.2d 694,
696 (Tex. 1986). With the existence of a one-year contract established, we examine Gillespie's
points of error.



Breach of Employment Contract 

 Gillespie's first and second points of error challenge the legal sufficiency of
evidence to support the jury's failure to find a breach of the one-year employment agreement. 
The record contains no evidence that the Clines complied with the employment agreement. The
parties do not dispute that the Clines terminated Gillespie's employment on April 18, 1990, only
four months after the one-year term began. The record contains testimony from all three parties
confirming this termination date. The record contains no evidence concerning termination for
cause. This evidence conclusively establishes a breach of the one-year employment agreement.


 

Damages

 By his first and second points of error, Gillespie also challenges the legal
sufficiency of the evidence to support a denial of damages. Because Gillespie testified as to his
damages resulting from termination of employment, he asserts that the record contains conclusive
evidence that he suffered damages. We disagree. A fact finder may believe or disbelieve all or
any part of a witness' testimony. Pendley v. Fite, 602 S.W.2d 560, 565 (Tex. Civ.
App.--Amarillo 1980, no writ). For an interested party's testimony to be conclusive, it must meet
the following five-part test of credibility: (1) pertain to matters reasonably capable of exact
statement; (2) be clear, direct, and positive; (3) be internally devoid of inconsistencies; (4) be of
a kind that could be readily controverted if untrue; and (5) be uncontradicted either by the
testimony of other witnesses or by circumstances. See Lofton v. Texas Brine Corp., 777 S.W.2d
384, 386 (Tex. 1989); McGalliard v. Kuhlmann, 722 S.W.2d at 697; Gevinson v. Manhattan
Constr. Co., 449 S.W.2d 458, 467 (Tex. 1969).

 Assuming, without deciding, that Gillespie's testimony satisfies the first four
prongs of this test, we believe the testimony is inconclusive because it fails to meet the fifth
prong. The Clines contradicted Gillespie's damages testimony by contesting the factors used to
calculate the alleged loss in salary. Because Gillespie's testimony does not meet the credibility
test, it does not conclusively establish that he suffered damages.

 Concluding that the evidence establishes a breach of the employment agreement as
a matter of law, we sustain the first two points of error to the extent they bear on the breach issue. 
However, because the evidence does not conclusively establish Gillespie's damages, we overrule
points one and two as they bear on the damages issue.

 We turn now to the factual-sufficiency argument in point of error three as it
pertains to the denial of damages. In analyzing a factual-sufficiency point, we must weigh all of
the evidence. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We may set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Id.; see also W. St. John Garwood, The Question of Insufficient Evidence on Appeal, 30
Tex. L. Rev. 803 (1952). A jury's failure to find a fact need not be supported by any evidence,
but the jury may not refuse to find a fact in the face of overwhelming evidence of the fact's
existence. Russell v. Hankerson, 771 S.W.2d 650, 653 (Tex. App.--Corpus Christi 1989, writ
denied). A jury is not at liberty to disregard evidence that an injury has occurred and award no
damages. Id.; see also Lowery v. Berry, 269 S.W.2d 795, 796-97 (Tex. 1954).

 Gillespie testified as to his lost wages resulting from the breach of the employment
agreement. To establish the amount of damages suffered, Gillespie subtracted from the $18,000
yearly salary the wages he actually earned during his four-month tenure (excluding payment for
overtime). Although the Clines controverted this evidence, their attack focused on Gillespie's
calculation of his damages because it excluded money earned from a second job. Because the jury
found a one-year contract at $18,000 per year and the evidence conclusively established breach
of this contract, the jury's finding of "zero" damages contradicts the overwhelming evidence that
some damages exist. Based on our review of all of the record evidence, we hold that the jury's
failure to award damages is against the overwhelming weight of the evidence so as to be clearly
wrong and unjust. Therefore, we sustain Gillespie's third point of error.



Attorney's Fees

 In his fourth, fifth, and sixth points of error, Gillespie challenges the legal and
factual sufficiency of evidence to support the jury's denial of attorney's fees. To recover
attorney's fees for a claim on a written contract, a party must satisfy two requirements: (1) the
party must prevail on a cause of action for which attorney's fees are recoverable; and (2) there
must be a recovery of money or at least something of value. See Tex. Civ. Prac. & Rem. Code
Ann. § 38.001 (West 1986); Rodgers v. RAB Invs., Ltd., 816 S.W.2d 543, 551 (Tex. App.--Dallas
1991, no writ). Because Gillespie has yet to secure a recovery necessary to support an award of
attorney's fees, we do not reach points of error four, five, and six. 



 CONCLUSION


 If liability issues are contested, an appellate court may not remand on an
unliquidated damages issue alone. See Tex. R. App. P. 81(b)(1). Accordingly, because the
Clines contested their liability under the letter agreement and because damages are unliquidated,
we must remand the entire case for a new trial. See Lakewood Pipe v. Conveying Techniques,
Inc., 814 S.W.2d 553, 557 (Tex. App.--Houston [1st Dist.] 1991, no writ); A.B.F. Freight Sys.
v. Austrian Import Serv. Inc., 798 S.W.2d 606, 617 (Tex. App.--Amarillo 1990, writ denied).

 Therefore, we reverse the trial court's judgment and remand the cause for a new
trial.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: February 24, 1993

[Do Not Publish]

1. [1]  The Clines, acting pro se on appeal, raise what appear to be several cross-points of
error. The issues raised in these "cross-points" were either addressed at trial or are not
properly before this court. Because the Clines failed to preserve any error alleged under these
points, we do not address these issues.
2. [2]  Jury Question One appeared in the charge as follows:


Did Laura Cline and William Cline d/b/a Cline & Company agree to employ
Joseph Gillespie for one year at $18,000 per year?


JURY INSTRUCTION NO. 1: Where one is employed to work at a specified
amount per year, month, or week, measure of time for the payment of wages is
accepted as length of the period of time of the contract of hiring, where time of
duration of contract is not specifically stated.