**Roberto LOPEZ, et al., Appellants,**

v.

**Alfonso Trevino SALAZAR and Central Freight Lines, Appellees.**

No. 13–93–006–CV.

Court of Appeals of Texas, Corpus Christi.

June 9, 1994.

Ray R. Marchan, Law Offices of Warren Eddington, Brownsville, Elizabeth A. Davis, Law Offices of Warren Eddington, Houston, for appellants.

Jo Chris G. Lopez, Shaddox, Compere, Gorham & Good, San Antonio, for appellees.

Before KENNEDY, DORSEY and GILBERTO HINOJOSA, JJ.

**OPINION**

DORSEY, Justice.

Eric and Esteban Serrata, plaintiffs below, appeal the failure of the jury to find damages resulting from their injuries. We reverse and remand the issue of liability and damages as to defendant Blanca Serrata, we affirm the judgment as to Central Freight Lines and Alfonso Trevino Salazar.[1]

Eric and Esteban Serrata were injured while riding in a vehicle driven by Blanca Serrata. The van Serrata was driving contained her sons, Eric and Esteban, and her mother, Manuela Lopez. Lopez was killed, Serrata and the two young boys were injured. The van ran off the road allegedly as a result of Salazar's negligence in driving a Central Freight Lines eighteen-wheeler. Lopez's heirs and Serrata's children sued Trevino, Central Freight Lines, and Serrata. The jury found Serrata to be completely responsible but failed to award any damages to either of the children despite uncontroverted evidence that the children were injured in the collision. By two points of error, appellants claim that the court below erred in failing to grant their motion for new trial on the basis of the failure of the jury to award damages and that the verdict on damages is against the great weight and preponderance of the evidence.

We review the judgment to determine if the jury's failure to find damages is so

1. Appellants complain about the failure to award damages to the minor children as a result of

Serrata's negligence and on no other basis. None of the other plaintiffs below appeal.

against the great weight and preponderance of the evidence as to be clearly wrong and unjust. We examine the entire record to see if any evidence supports the finding or if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see Hickey v. Couchman,* 797 S.W.2d 103, 109 (Tex.App.—Corpus Christi 1990, writ denied).

The evidence in this case included the testimony of the treating physicians of both boys and numerous exhibits consisting of the medical records and medical bills of the children resulting from their injuries during the collision. Esteban, age two, had a head injury, a minor scrape and cut on his head and was suspected of having a concussion. He was hospitalized for two days for observation. He was later examined by David Feltoon, Ph.D., a psychologist, who testified that the child had nightmares for some time after the auto collision and dreamed about his grandmother who died of injuries from the collision. Esteban's medical expenses exceed $2000. Eric, age eight, fractured his leg in three places, wore a shoulder immobilizer for over six weeks, was in a wheelchair for a month, and in a cast for over three months. Eric and his doctors testified that he was in pain from his injuries, at least initially. During his original hospitalization, he was given injections of Demerol for the pain and was also given Tylenol with codeine. He testified that his injured leg was shorter than the other, that he couldn't play baseball as well because he couldn't run as fast as before the collision. His medical expenses exceeded $8000. From the date of the collision in March, he could not return to school until the following fall; he had a tutor for the remainder of the school year. He also had nightmares from the collision for some time afterwards.

Although the jury is the sole judge of the credibility of witnesses and the weight to be given a witness's testimony, the jury may not disregard the objective symptoms or signs of injury and render a verdict of no damages or award less than the undisputed medical expenses caused by the accident. *Lowery v. Berry,* 153 Tex. 411, 269 S.W.2d 795, 796–97 (1954); *Wagner v. Taylor,* 867 S.W.2d 404, 405 (Tex.App.—Texarkana 1993, n.w.h.); *Russell v. Hankerson,* 771 S.W.2d 650, 652 (Tex.App.—Corpus Christi 1989, writ denied). There is no evidence in the record to controvert the fact of these children's injuries or the cause of the injuries; the only question was the extent of the injuries.[2] The jury's finding of no damage is against the great weight and preponderance of the evidence. Points one and two are sustained.

We REVERSE and REMAND the judgment as to liability and damages for Eric and Esteban Serrata as to defendant below, Blanca Serrata;[3] we AFFIRM the remainder of the judgment.

---

2. The jury was asked:
   What sum of money, if paid now in cash, would fairly and reasonably compensate Esteban Serrata for his injuries, if any, that resulted from the occurrence in question? Consider the following elements of damage, if any, and none other.
   Consider each element of damage separately. Do not include damages for one element in any other element.
   ... Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.
   a) Physical pain and mental anguish.
   b) Medical expenses.
   The jury answered "O". The same question was submitted as to Eric Serrata with the addition of an element for physical impairment. The jury responded the same way.

3. Tex.R.App.P. 81(b) ("a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.")