NUMBER 13-00-373-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


BEATRIZ GONZALEZ , Appellant,


v.


NAOMI ESPINOZA , Appellee.

___________________________________________________________________


On appeal from the 138th District Court

of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


Appellant, Beatriz Gonzalez, sued appellee, Naomi Espinoza, for alleged soft tissue injuries sustained as a result of an
automobile accident. Espinoza stipulated liability, leaving only the issue of damages for the jury to decide. The jury
awarded Gonzalez $3,274.00 for medical care. It awarded "no compensation," however, for physical pain and mental
anguish or for physical impairment. The trial court rendered judgment on the verdict and denied Gonzalez's motion for
new trial. Gonzalez brings two issues on appeal. The first issue charges that the jury's verdict as to "no compensation" or
"zero damages" for pain and suffering was against the great weight and preponderance of the evidence as to be manifestly
unjust, and the second contends the trial court erred in failing to grant Gonzalez's motion for new trial based on the jury's
failure to find any damages for pain and suffering. Because the bases for both issues are the same and because the issues
are argued jointly in Gonzalez's brief, we consider them together. We affirm.

The appropriateness of a damages award is subject to a factual sufficiency review. See Lofton v. Texas Brine Corp., 720
S.W.2d 720 S.W.2d 804, 805 (Tex. 1986). When considering a factual sufficiency challenge to a jury's verdict, courts of
appeals must consider and weigh all of the evidence, not just that evidence which supports the verdict. See Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Lofton, 720 S.W.2d at 805. A court of appeals can set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. See Ortiz, 917 S.W.2d at
772; Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Moreover, where the award is based on non-empirical damages such
as mental anguish and pain and suffering, the court will generally leave that determination to the discretion of the jury. See
Dico Tire, Inc. v. Cisneros, 953 S.W.2d 776, 791-92 (Tex. App.--Corpus Christi 1997, writ denied). The jury's findings are
entitled to great deference and will not be reversed unless the record indicates the jury was influenced by passion,
prejudice, improper motive, or something other than conscientious conviction. See Hyler v. Boytor, 823 S.W.2d 425, 427
(Tex. App.--Houston [1st Dist.] 1992, no writ). As this Court is not a fact finder, we may not pass upon the witnesses'
credibility or substitute our judgment for that of the jury, even if the evidence would clearly support a different result. See
Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).

Furthermore, a trial court has broad discretion in determining whether to grant a new trial. See Jackson v. Van Winkle, 660
S.W.2d 807, 809 (Tex. 1983). We will not disturb the decision of the trial court absent an abuse of that discretion. See id.

Gonzalez claims that the jury was not free to disregard the objective evidence of actual physical injury such as her bruise
and the tests and x-ray results which were interpreted by her chiropractor. See Lowery v. Berry, 269 S.W.2d 795, 796-97
(Tex. 1954); Russell v. Hankerson, 771 S.W.2d 650, 653 (Tex. App.--Corpus Christi 1989, writ denied). Gonzalez asserts
she carried her burden and has proven the objective underpinnings of her pain.

If a plaintiff has objective symptoms of injury, the plaintiff's evidence cannot be disregarded by the jury. See Lopez v.
Salazar, 878 S.W.2d 662, 662-63 (Tex. App.--Corpus Christi 1994, no writ); see also Lowery, 269 S.W.2d at 796-97 (if
party establishes damages as matter of law, jury not at liberty to award zero damages). If, however, the plaintiff's
complaints are subjective in nature and, therefore, incapable of direct proof, the jury may award zero damages. See Hyler,
823 S.W.2d at 427-28 (citing Blizzard v. Nationwide Mut. Fire Ins. Co., 756 S.W.2d 801, 805 (Tex. App.--Dallas 1988, no
writ)); see also Sanchez v. King, 932 S.W.2d 177, 182 (Tex. App.--El Paso 1996, no writ) (where evidence of plaintiff's
injury is purely subjective, as in soft tissue cases, a jury may deny an award of damages); Davis v. Davison, 905 S.W.2d
789, 793 (Tex. App.--Beaumont 1995, no writ) (Stover, J., concurring).

"The presence or absence of 'physical pain' is inherently subjective to the individual." Waltrip v. Bilbon, 38 S.W.3d 873,
881 (Tex. App.--Beaumont 2001, no pet.). A jury may disbelieve an interested witness's testimony, even if it is
uncontradicted. See McGuffin v. Terrell, 732 S.W.2d 425, 428 (Tex. App.--Fort Worth 1987, no writ) (citing Hebert v. Pan
American Van Lines, Inc., 681 S.W.2d 221, 222 (Tex. App.--Houston [14th Dist.] 1984, no writ)). Moreover, a jury is not
required to accept the opinions of doctors. See Jackson v. Killough, 615 S.W.2d 274, 276 (Tex. App.--Dallas 1981, no
writ) (citing Hulsey v. Drake, 457 S.W.2d 453, 460 (Tex. App.--Austin 1970, writ ref'd n.r.e.)). While uncontradicted
expert witness testimony must be taken as true insofar as it establishes facts, opinions as to deductions from those facts are
not binding on the jury. See Gregory v. Texas Emp. Inc. Ass'n, 530 S.W.2d 105, 107 (Tex. 1975); Rivas v. Garibay, 974
S.W.2d 93, 96 (Tex. App.--San Antonio 1998, writ denied); McGuffin, 732 S.W.2d at 438.

Summarizing all relevant evidence in light of the standards set out above, the record reveals the following: (1) a possible
soft tissue injury; (2) no complaint to others at the scene; (3) no visit to the hospital; (4) a low speed collision; (5)
continuous working; (6) treatment by a chiropractor, Dr. Nancy Zimmerman, following her attorney's recommendation or
referral; (7) no work or other activity restriction; (8) no referrals to other health care professionals; and (9) no
recommendations or requests for pain medications other than Tylenol. There is no evidence in the record of any observable
injuries to Gonzalez, except for a bruise she alone observed. Furthermore, there is no objective evidence of the injuries
described by Gonzalez other than Dr. Zimmerman's diagnosis of muscle spasms and x-rays showing a straightening of the
spine which, in Dr. Zimmerman's opinion, resulted from muscle spasms. All other findings were subjective or influenced
by the subjective responses of Gonzalez. The jury was free to reject the testimony of Gonzalez as to the existence, amount
or severity of the pain. The remaining testimony concerning pain allegedly suffered by the Gonzalez was opinion
testimony from Dr. Zimmerman. The jury was certainly free to disbelieve Gonzalez, or some or all of the testimony of any
witness, medical or otherwise.

Appellant cites Lowery, 269 S.W.2d at 796-97, as support for her contentions. However, unlike this case, inLowery the
supreme court concluded the undisputed facts disclosed that appellant did suffer damages including "multiple fractures of
the skull and the skin and tissues of the left side of her head were so severely torn that that part of her skull was laid bare." 
Id. at 796. Gonzalez also relies on Lopez, 878 S.W.2d at 662-63, Schmeltekipf v. Johnson Well Serv., 810 S.W.2d 865,
867-68 (Tex. App.--Austin 1991, no writ), and Russell, 771 S.W.2d at 652. Like Lowery, the plaintiffs in those cases
suffered unquestionably objective injuries.

In Lopez, an adult died, a child suffered severe head injuries requiring hospitalization and psychiatric treatment, and
another child's leg was fractured in multiple places and his shoulder required an immobilizer. See Lopez, 878 S.W.2d at
662-63. In Schmeltekipf, the plaintiff suffered permanent injuries including trembling of her left hand, non-movement and
curling of two fingers on her left hand, and numbness in her left arm. She also had nerve conduction tests and an
electromyelograph performed that revealed damage to the nerve roots in her neck. Id. at 868. Furthermore, in Russell, the
plaintiff fractured a foot. (1) Russell, 771 S.W.2d at 652-53. Gonzalez provides this Court with no objective findings such
as those identified above.

Accordingly, based on our review of the record, we cannot say that the jury's "no compensation" award for pain and
suffering was so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. See
Ortiz, 917 S.W.2d at 772. The jury was free to believe or disbelieve Gonzalez's subjective complaints of pain as well as the
testimony of any other witness, including her chiropractor--who in this case relied on what Gonzalez told her. See Pool,
715 S.W.2d at 634. Gonzalez's own testimony indicated that she did not receive medical attention because she could not
pay for it. From all the evidence presented, however, the jury may have believed otherwise. The jury may have believed
that Gonzalez did not go to the hospital or to see a chiropractor sooner because she was not in pain, or did so simply
because her attorney suggested she go. Additionally, Dr. Zimmerman acknowledged she was the only person treating
Gonzalez for her claimed injuries, and that Gonzalez was responding well and normally to treatment taking only Tylenol
for pain. Dr. Zimmerman testified she preferred not to have pain medication prescribed because she wanted to know
exactly how her patient was responding. Dr. Zimmerman also testified, however, that if a patient was in need of pain
medication and if the patient was in severe pain, she would refer the patient for medication. She did not do so for
Gonzalez. The jury may have chosen not to accept the opinions of Dr. Zimmerman, see Killough, 615 S.W.2d at 276, or
the jury may have believed Gonzalez was not referred to other health care professionals for additional testing and treatment
including stronger pain medications because Dr. Zimmerman believed Gonzalez was not in pain and needed no additional
treatment.

Having weighed all the evidence and giving great deference to the jury's finding, we conclude the jury's refusal to award
non-empirical damages of pain and suffering is not so contrary to the weight of the evidence as to be clearly wrong and
unjust. See Ortiz, 917 S.W.2d at 772; Dico Tire, 953 S.W.2d at 791-92. Furthermore, the record fails to indicate the jury
was influenced by passion, prejudice, improper motive, or something other than conscientious conviction. See Hyler, 823
S.W.2d at 427. Additionally, we conclude the trial court did not abuse its discretion in denying Gonzalez's motion for new
trial. See Van Winkle, 660 S.W.2d at 809. Issues one and two are overruled.

We affirm the judgment of the trial court. 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 16th day of August, 2001.

1. We note that in Crowe v. Gulf Packing Co., 716 S.W.2d 623, 625 (Tex. App.--Corpus Christi 1986, no writ), we
reversed the trial court, stating that:

We find it inconceivable that the jury could find injury and compensable medical care, disfigurement and incapacity and yet
find no physical pain and mental anguish. The amount of damages is largely within the jury's discretion. However, they
must award something for every element of damage resulting from an injury.
Id. However, in Crowe, in addition to awarding past medical expenses, the jury awarded damages for loss of earnings in
the past, loss of earning capacity, disfigurement, physical impairment both past and future, and future medical expenses. 
See id. at 624. Unlike the present case, a doctor testified the plaintiff was treated with pain killers, anti-spasmodic drugs,
and anti-inflammatory drugs. Id. Plaintiff also suffered a laceration of his finger and was subsequently diagnosed as
having suffered a torn rotator cuff in his right shoulder and a torn medial meniscus in his right knee. Id. Crowe is, thus,
distinguishable from the present case.