NUMBER 13-17-00664-CV



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANA VILLA,                                                                                    Appellant,

v.

FELICIA MARTINEZ,                                                                      Appellee.

### On appeal from the 103rd District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Ana Villa sued appellee Felicia Martinez for injuries she sustained in a car collision. A jury found both Villa and Martinez 50% at fault for the car accident; however, the jury awarded no damages to Villa. By one issue, Villa argues that the trial

court erred by signing a take-nothing judgment on her claims when she presented uncontroverted evidence of her damages. We affirm.

## I. BACKGROUND

Villa sued Martinez for negligence after her vehicle collided with Martinez's vehicle at an intersection in June of 2009. The case proceeded to jury trial, at which the following evidence was adduced.

Villa testified that she immediately felt pain in her neck and that she started experiencing a severe headache. She further testified that she could not move her head and went into an asthmatic attack because she could not move to find her inhaler. Villa also testified that she saw a chiropractor because her hands and feet were numb after the accident and because she felt a burning sensation in her back. Villa was attending dental assistant school before the accident. But she testified that after the accident, she had to drop out of the school because she was no longer able to handle the dental instruments due to the tingling in her hands.

Villa's medical expert Dr. Juan Caquias opined that the accident caused Villa to have a herniated center disc in her vertebrae because there were several tiny bulges along Villa's spine. He further opined that the medical treatment that she received in the amount of $16,567 was necessary and reasonable to treat her injuries. According to Martinez's opening statement, her trial strategy involved conceding that Villa was injured. But Martinez insisted that the accident was Villa's fault and "[w]e don't think she was injured as badly as perhaps [Villa's counsel] would like you to be believe." Thus, Martinez asserted that Villa should not recover any damages because her injuries were minor and the accident was Villa's fault.

The jury found that both Martinez and Villa were 50% at fault for the collision and awarded Villa zero damages. Villa moved for judgment notwithstanding the verdict. Martinez moved for judgment on the verdict. The trial court granted Martinez's motion and entered a take-nothing judgment for Villa. This appeal followed.

## II. FACTUAL SUFFICIENCY OF ZERO DAMAGES

On appeal, Villa argues that the trial court erred by entering a take-nothing judgment because the facts of her injuries were uncontroverted at trial. We construe this argument as a challenge to the factual sufficiency of the evidence.

### A. Standard of Review and Applicable Law

"In reviewing a factual-sufficiency challenge to a jury finding on an issue on which the appellant had the burden of proof, the appellant must show that the adverse finding is against the great weight and preponderance of the evidence." *Editorial Caballero, S.A. de C.V. v. Playboy Enterprises, Inc.*, 359 S.W.3d 318, 329 (Tex. App.—Corpus Christi 2012, pet. denied) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)). Appellate courts must weigh all the evidence, including evidence that supports the judgment and evidence that undermines the judgment. *See Editorial Caballero*, 359 S.W.3d at 329. The jury is the "sole judge" of the credibility of the witnesses; the jury may freely choose to believe one witness over another. *See id*. We will only set aside the verdict if the evidence is so weak or if the judgment is so against the great weight and preponderance of the evidence as to make the verdict "clearly wrong and unjust." *Dow*, 46 S.W.3d at 242; *see Blevins v. State Farm Mut. Auto. Ins. Co.*, No. 02-17-00276-CV, 2018 WL 5993445, at *8 (Tex. App.—Fort Worth Nov. 15, 2018, no pet. h.) ("The amount of evidence needed to show that factually sufficient evidence *supports* a jury finding is 'far

less' than the amount needed to conclude that a finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.").

Whether a finding of zero damages is against the great weight and preponderance of the evidence can be influenced by the nature of the evidence itself:

> If the plaintiff has objective symptoms of injury, i.e., a cut or laceration of his body as in this instance, and there is readily available testimony which the defendant could offer to refute such fact, plaintiff's evidence cannot be disregarded by the jury when the defendant fails to refute it. On the other hand, if plaintiff's complaints are subjective in nature, i.e., headaches, which the defendant may not readily dispute, then the negative answer of the jury to the damage issue will not be disturbed when it rests upon the testimony of plaintiff alone.

*Blount v. Earhart*, 657 S.W.2d 898, 901 (Tex. App.—Tyler 1983, no writ); *see Rumzek v. Lucchesi*, 543 S.W.3d 327, 333 (Tex. App.—El Paso 2017, pet. denied) ("[I]f the plaintiff's complaints are subjective in nature and, therefore, incapable of direct proof, the jury may award zero damages."); *In re State Farm Mut. Auto. Ins. Co.*, 483 S.W.3d 249, 263 (Tex. App.—Fort Worth 2016, no pet.) ("When there is uncontroverted, objective evidence of an injury and the causation of the injury has been established, appellate courts are more likely to overturn jury findings of no damages for past pain and mental anguish."); *Horton v. Denny's Inc.*, 128 S.W.3d 256, 260 (Tex. App.—Tyler 2003, pet. denied) ("When the fact of injury and resulting damages chiefly depend upon subjective evidence, appellate courts are reluctant to hold the non-findings as against the great weight and preponderance of the evidence."); *Hammett v. Zimmerman*, 804 S.W.2d 663, 664–65 (Tex. App.—Fort Worth 1991, no writ) (citing *Russell v. Hankerson*, 771 S.W.2d 650, 653 (Tex. App.—Corpus Christi 1989, writ denied)); *see also Blevins*, 2018 WL 5993445, at *8 (observing that when the jury awards zero damages, "we simply weigh all of the evidence to determine whether a particular damages finding bucks the great weight and

4

preponderance of the evidence"); *Schaffer v. Nationwide Mut. Ins. Co.*, No. 13-11-00503-CV, 2013 WL 2146833, at *2 (Tex. App.—Corpus Christi May 16, 2013, pet. denied).

## B. Discussion

Villa asserts that it was error for the trial court to sign a take-nothing judgment when she established her damages via uncontroverted evidence. However, it was her burden to show that the judgment is against the great weight and preponderance of the evidence. *See Editorial Caballero*, 359 S.W.3d at 329. We conclude that the jury's zero-damage finding was not against the great weight and preponderance of the evidence. *See Horton*, 128 S.W.3d at 261–62.

Villa's injuries in the present case are mostly subjective in nature: numbness, tingling, headaches, asthma attacks, and burning sensations. *See Russell,* 771 S.W.2d at 652; *Blount*, 657 S.W.2d at 901. During trial, Martinez cross-examined Villa and Dr. Caquias regarding the medical treatment Villa received and the causation of her injuries. The jury heard evidence controverting the existence, cause, and severity of Villa's injuries. For example, the following exchange occurred between Martinez's counsel and Villa:

> [Counsel]: Obviously you went to Valley Baptist after this accident, correct?
>
> [Villa]: Yes.
>
> [Counsel]: They took some X-rays of your neck and your lower back, correct?
>
> [Villa]: I'm guessing, yes. It's been a while.
>
> [Counsel]: Do you remember them doing tests on you, CT scan, and X-rays?
>
> [Villa]: Yes, sir.

[Counsel]: Those tests on your neck and back, you understand they were normal, correct?

[Villa]: It should be on file, but they told me to go back to the doctor because I was still in pain.

[Counsel]: Yeah. If you continue in pain they told you to go to your family doctor, is what they recommended, correct?

[Villa]: Yes, sir.

Villa then testified that she went to Melton Chiropractic because of continued numbness and pain. But she acknowledged that on August 3, 2009, Melton Chiropractic claimed she reached "maximum medical improvement" and that they did not believe she needed any further medical treatment.

The jury heard evidence that Dr. Caquias did not look at the MRI films himself; instead, he had to rely on the word of a radiologist because Dr. Caquias had trouble seeing the MRI films on his own computer. Dr. Caquias testified that the bulges described in the MRI report were only 0.5 millimeters and that nothing in the record indicated that Villa complained of any shooting pain in her leg, which suggested that the bulges were small enough as to not be pinching any nerves. He admitted that because the bulges were small, Villa did not have any compression on the spinal cord, which was a "good sign." According to Dr. Caquias, the radiologist's notation of "not impinging upon neurostructures" means that the bulges were not touching anything that would cause Villa any symptoms. Dr. Caquias also confirmed that the radiologist mentioned a Schmorl's node formation in his thoracic MRI report. Martinez's counsel confronted Dr. Caquias about the Schmorl's node:

[Counsel]: Okay. Now, my question—that doesn't really answer my question. My question is whether those nodes are a

6

|  | manifestation of Scheuermann's disease. I guess you don't know? |
|---|---|
| [Caquias]: | It's only a singular one. The only thing I can say is it's attributable to the accident because it's incurring in the center with slight protrusion of the disk which signifies there may have been a pressure problem caused there. |
| [Counsel]: | May have been? |
| [Caquias]: | May have been. |
| [Counsel]: | But we don't know, correct? |
| [Caquias]: | Well, for certain, you wouldn't, but suggestive with all the other findings— |

Shortly after this testimony, Dr. Caquias also confirmed that Villa suffers from facet arthrosis, which is a degenerative disease of the spine.

Villa compares her case to *Russell,* 771 S.W.2d at 652. *Russell* also involved a car collision in which both the plaintiff and defendant were found to be 50% negligent. The court in *Russell* concluded that the jury was "not at liberty to disregard the evidence that an injury has occurred and award no damages." *Id*. at 653. However, of critical importance was the fact that the plaintiff's injuries in *Russell* were more objective in nature, causation was established, and the evidence was truly "uncontroverted." *Id*. at 652. Three medical experts confirmed that the plaintiff's foot in *Russell* was severely swollen; they also noticed severe discoloration of the foot. *See Id*. at 653. Furthermore, "none of the evidence adduced at trial suggested that appellant's ailment was caused by anything other than the collision in question." *Id*. at 652. No testimony or evidence suggested the plaintiff's injury in *Russell* was a pre-existing condition. *See id*. Ultimately, the court in *Russell* found no evidence controverting the fact that the plaintiff suffered injuries specifically caused by the collision; therefore, taking all of that into consideration,

7

it was against the great weight and preponderance of the evidence to award zero damages. *Id*. at 653.

In contrast, Villa did not present uncontroverted evidence of an objective symptom of injury, nor did she satisfactorily establish causation. Rather, Martinez presented, through cross-examination of Villa and Dr. Caquias, evidence regarding the nature, cause, and severity of Villa's injuries. Most of the injuries Villa complains of are subjective, including the tingling and burning sensations. The bulges on Villa's spine are more objective in nature, but it was not definitively established at trial that the collision caused the bulges. Villa's expert even testified that he was not absolutely certain the accident caused the spinal bulges. Furthermore, Martinez presented evidence that Villa suffered no long-term damages attributable to the collision, that her MRI films appeared "normal," and that the bulges along her spine could have formed due to medical conditions, such as Scheuermann's disease, which are completely unrelated to the car collision. In other words, Villa's injuries were mostly subjective, and she did not establish causation definitively concerning her objective injury. *See Horton*, 128 S.W.3d at 260; *Russell,* 771 S.W.2d at 652. The record clearly indicates that there were questions raised as to the existence, cause, and degree of Villa's injuries.

Once Martinez presented some evidence challenging the cause of and extent of Villa's subjective injuries, it was the jury's job to weigh the evidence and resolve any inconsistencies in the evidence. *See Editorial Caballero*, 359 S.W.3d at 329. The evidence needed to support the jury's finding as factually sufficient is far less than the amount of evidence needed to conclude that the jury's finding was clearly wrong. Therefore, given the record and evidence adduced, we cannot say that the jury's findings

8

in this case are so against the great weight and preponderance of the evidence as to be clearly wrong or shock the conscience. *See Rumzek*, 543 S.W.3d at 333; *In re State Farm Mut. Auto. Ins. Co.*, 483 S.W.3d at 263; *Horton*, 128 S.W.3d at 260; *see also Blevins*, 2018 WL 5993445, at *8. The trial court did not err in entering a take-nothing judgment. We overrule Villa's sole issue.

## III. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
16th day of May, 2019.

9