**Daniel SIBERT, Appellant,**

**v.**

**Carlos ENRIQUEZ, Individually and d/b/a Four Wheel Center, Appellee.**

**No. 08–88–00335–CV.**

Court of Appeals of Texas,
El Paso.

Aug. 2, 1989.

Rehearing Denied Aug. 30, 1989.

Susan Larsen, El Paso, for appellant.

Stephen B. Tatem, Jr.; Scott A. Agthe, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellant recovered only nominal damages in a personal injury suit and appeals from that judgment. We affirm.

Appellant was employed by a security service. At the time of his alleged injury, he was working as a security guard at the El Paso County Coliseum, during which mud run competition races were being held. His job was to keep unauthorized persons from the pit area where the four-wheel vehicles were located. Appellant alleged that he was struck by Appellee's four-wheel drive Jeep and sought money damages for the injuries he suffered.

Appellee answered the lawsuit by claiming no negligence on Appellee's part but asserted that Appellant was negligent, and that if Appellant had any injury that it was due to a pre-existing condition caused by a previously unconnected accident.

In answer to special issues submitted as to negligence, the jury found:

(1) That Appellee was negligent in several respects which were a proximate cause of the accident;

(2) That Appellant was negligent in one respect which was a proximate cause of the accident;

(3) That Appellee, Carlos Enriquez was sixty (60%) percent negligent; and

(4) That Appellant, Daniel Sibert was forty (40%) percent negligent.

In answer to the damage issues submitted, the jury found:

(a) Physical pain and mental anguish in the past.
  Answer: __0__

(b) Physical pain and mental anguish, that in reasonable probability, he will suffer in the future.
  Answer: __0__

(c) Loss of earning capacity in the past.
  Answer: __$320.00__

(d) Loss of earning capacity that, in the reasonable probability, he will sustain in the future.
  Answer: __0__

(e) Physical impairment in the past.
  Answer: __0__

(f) Physical impairment that, in the reasonable probability he will suffer in the future.
  Answer: __0__

(g) Medical expenses in the past.
  Answer: __$5,000.00__

(h) Medical expenses that, in reasonable probability, he will incur in the future.
  Answer: __0__

The jury failed to find that the Appellee Carlos Enriquez was grossly negligent, and therefore no exemplary damages were awarded to Appellant. Based on the verdict, the trial court entered judgment for Appellant in the amount of $3,865.64, which included pre-judgment interest. Appellant's Motion for New Trial was overruled.

Point of Error No. One asserts that there was no evidence and/or insufficient evidence to support the jury's findings as to the damage issues.

Point of Error No. Two asserts that the damages as found by the jury were inadequate to compensate Appellant for his injury, pain and mental anguish, loss of earning capacity, physical impairment and future medical expenses.

We have a situation where the jury found Appellee sixty percent (60%) negligent in causing the accident. As a result, the jury awarded Appellant $5,000.00 for past medical expenses and $320.00 for loss of earning capacity since the accident.

In considering a "no evidence" legal insufficiency point, we must consider only evidence which tends to support the jury findings. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). If

there is sufficient competent evidence of probative force to support the findings, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ).

We are immediately faced with a variety of cited cases supporting each side of this lawsuit. Appellant quite frankly admits that it is difficult to draw any kind of analogy from the cases. In the end, we must be guided by the general rule that the finding of the jury is entitled to great deference by the appellate court unless the record reflects that the jury is motivated by passion, prejudice, or something other than conscientious conviction. *Herbert v. Herbert*, 754 S.W.2d 141, 143 (Tex.1988); *McGuffin v. Terrell*, 732 S.W.2d 425, 428 (Tex.App.—Fort Worth 1987, no writ). Therefore, a careful review of the record must be made to determine what evidence the jury had before them that would or would not justify the findings made by them. It was a unanimous verdict in this case. A jury finding cannot be set aside on appeal merely because this Court would have weighed the evidence differently or reached another conclusion, but only if it is so against the great weight and preponderance of the evidence to be manifestly wrong and unjust. *Cropper v. Caterpillar Tractor Company*, 754 S.W.2d 646, 651 (Tex.1988).

■ A review of the evidence indicates that the Appellant initially did not exhibit objective signs of an injury after being examined at William Beaumont Army Hospital (WBAH). Medical records before the jury from WBAH revealed there was "full flexion and extension" of the knee, and the absence of black and blue bruises. There was no swelling, no tenderness to the touch and no lacerations or abrasions. There was no showing on the skin around the knee area of any injury, and X-rays of the knee failed to reveal any fracture. There was evidence before the jury that the Appellant had a previous accident and had suffered an injury which he had failed to reveal to the treating doctor. Medical testimony in regard to that previous accident indicated that the Appellant had "sustained a direct blow by a motorcycle to his right knee." This prior knee injury showed objective signs of injury, and this evidence was properly before the jury for their consideration.

It was within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony.

Matters of pain and suffering are peculiarly within the province of the jury. *Royal v. Cameron*, 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). Even the mere fact of injury does not prove compensable pain and suffering. *Blizzard v. Nationwide Mutual Fire Insurance Company*, 756 S.W.2d 801 (Tex.App.—Dallas 1988, no writ). The trial court properly instructed the jury that they should not include damages for any condition not resulting from the accident in question. *Huber v. Ryan*, 627 S.W.2d 145 (Tex.1981).

The record contains evidence that supports the jury's findings. As such, it is not possible to conclude the verdict was manifestly wrong or unjust.

Points of Error Nos. One and Two are overruled.

Point of Error No. Three asserts that there was no evidence or insufficient evidence to support the finding that Appellant was forty percent (40%) negligent.

■ We disagree. The jury, from the evidence presented of Appellant's own conduct, could conclude that he contributed to the accident. There was evidence he did not have the training in traffic control. It was never revealed to the contestants his official status, and his job was not shown to be that of directing or controlling traffic in the pit area. There were other designated persons responsible for pit area control. Besides acting beyond his designated responsibilities there was evidence of Appellant's lack of professionalism in his attempt to handle the situation with the Appellee. Therefore, reviewing the record as a whole, the jury's finding that Appellant was forty percent (40%) negligent was not "manifestly unjust."

Point of Error No. Three is overruled.

Point of Error No. Four asserts the trial court erred in denying Appellant's Motion for Sanctions, whereby attorney's fees were sought.

 Prior to trial, the Appellee filed a request for admission of the genuineness of certain hospital records from WBAH. Appellant denied the authenticity of the records. Appellee then moved for sanctions against Appellant for his action because it required Appellee to bring the record's custodian to court and resulted in several hearings to prove up the validity of the records. However, we note that Appellant waited until the trial was over to file his Motion for Sanctions under Rule 13 of the Texas Rules of Civil Procedure, which alleged that Appellee's Motion for Sanctions had been baseless and brought for purposes of harassment. The trial court denied both Appellee's and Appellant's Motion for Sanctions. The trial court based the denial of Appellant's Motion for Sanctions under Rule 13, because the disagreement over the chronological order of the records had been resolved, and the records had been properly admitted and viewed at the trial in their proper chronological order. We find the trial court did not abuse the considerable discretion that is vested in him in these matters. Certainly the trial court's action was not arbitrary or unreasonable considering that he denied the respective Motion for Sanctions filed by both Appellee and Appellant.

Point of Error No. Four is overruled.

Point of Error No. Five asserts the trial court erred in refusing to admit the testimony of the Appellant as to what instructions he had received from his supervisor as to his duties.

 The trial court sustained a hearsay objection when Appellant was asked to state his understanding of his duties as security guard based on instructions from his superior.

The Appellant in his brief asserts that such testimony was admissible under 803(3) of the Texas Rules of Civil Evidence to show Appellant's state of mind at the time of the incident.

When the court sustained the objection to the hearsay, the Appellant informed the court that he was offering the testimony "for what was told him in a way of instruction." This is not the basis that Appellant now urges on appeal. Tex.R.App.P. 50(a) and (b). In addition, substantially the same desired testimony was admitted when the Appellant testified as to his own understanding of his duties. Tex.R.App.P. 81(b).

Point of Error No. Five is overruled.

The judgment of the trial court is affirmed.