NUMBER 13-00-785-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI



 

 

JOSEPHINE DE LA GARZA,                                        Appellant,

 

                                           v.

 

GEORGE
H. BECKETT,                                                Appellee.



 

 

                  On appeal from the 156th
District Court

                           of Aransas
County, Texas.

 



 

                              O P I N I O N

 

         Before Chief Justice Valdez
and Justices Hinojosa and Castillo

                                  Opinion by
Justice Castillo

 








            Appellant
Josephine De La Garza appeals from a jury verdict awarding her personal injury
damages resulting from an automobile accident. 
In five issues presented, De La Garza alleges errors in the limiting of
voir dire, the refusal of the trial court to allow a police officer to testify
as an expert witness, the denial of a jury instruction regarding the
transportation code, the factual and legal sufficiency of the jury finding
regarding medical damages, and the refusal of the trial court to grant a new
trial.  We affirm.  

Facts

On November 17, 1997, De La Garza and
appellee George Beckett had an automobile accident.  At a two-way intersection in Rockport, Texas,
Beckett=s car
collided with De La Garza=s car, resulting in injury to De La
Garza.   De La Garza, who had entered the
intersection first, was hit on the left rear side of her vehicle by
Beckett.  A yield sign was in place at
the intersection, requiring vehicles traveling in the direction of Beckett=s
approach to yield to vehicles nearing the intersection from  De La Garza=s
direction.  Officer Mark Gilliam was the
police officer who subsequently arrived at the scene and investigated the
accident.  Exactly two years later, on
November 17, 1999, De La Garza filed suit against Beckett for her injuries.

Jury voir dire and trial in this case
began on August 14, 2000, and concluded the next day.  The jury found that Beckett was eighty per
cent responsible for the accident, and De La Garza was twenty percent
responsible.  The jury awarded De La
Garza $56.00 for medical damages, which represented eighty percent of the
$70.00 that she was charged for her emergency room visit following the
accident.  Notice of appeal, following
the denial of De La Garza=s motion for new trial, was filed on
November 27, 2000.








Analysis

Limitations on Voir Dire

In De La Garza=s first
issue presented, she argues that the trial court erred by limiting voir dire in
the case to thirty minutes per side and refusing her request for additional
time to conduct voir dire.  

Decisions made by the trial court in
choosing to limit voir dire are subject to an abuse of discretion
standard.  Babcock v. Northwest Mem=l Hosp., 767
S.W.2d 705, 709 (Tex. 1989).  In
reviewing a trial court decision under an abuse of discretion standard, we must
determine whether the trial court acted without reference to any guiding rules
or principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  The exercise of discretion is within the sole
province of the trial court, and an appellate court may not substitute its
discretion for that of the trial judge.  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985).  Rather, an abuse of discretion occurs only
when the trial court reaches a decision that is Aso
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.@  Id. at 917.  

An abuse of discretion occurs when the
trial court=s
decision to limit voir dire prevents the attorney conducting voir dire from
determining whether grounds exist to challenge for cause or prevents the
attorney from exercising his peremptory challenges effectively.   Babcock, 767 S.W.2d at 709.  








De La Garza incorrectly cites Babcock
for the proposition that the trial court may not limit voir dire.  Babcock concerned only the limitation
of voir dire questions related to a specific topic.  Id. at 707.  Babcock states that a Abroad
latitude should be allowed to a litigant during voir dire examination.@  Id. at 709.  However, the Babcock Abroad
latitude@
standard must be read in its context B that is, the trial court=s
refusal to allow the appellants to ask questions related to the Aliability
insurance crisis@ and Alawsuit crisis.@  Id at 708.  The court went on to find that the trial
court=s
refusal to allow such questions prevented the Babcocks from exercising their
right to a fair and impartial jury by preventing them from asking questions
directed at exposing prejudice and bias. 
Id. at 709.  No mention is
made in that case of the setting of time limits for the conducting of voir
dire.  Babcock does not stand for
the proposition that the trial court must allow for unlimited voir dire.  Nor is that the rule in Texas; on the
contrary, trial court judges are allowed to set reasonable time limits for voir
dire.  Cantu v. State, 842 S.W.2d
667, 687 (Tex. Crim. App. 1992); Clemments v. State, 940 S.W.2d 207,
210-11 (Tex. App.CSan Antonio 1996, pet. ref=d).  








In evaluating whether a trial court abused
its discretion in refusing to grant additional time, we may look to (1) whether
the appellant=s voir dire examination reveals an attempt
to prolong voir dire, for example by including unnecessarily repetitious,
irrelevant, or immaterial questions; (2) whether the additional questions asked
were proper voir dire questions; and (3) whether the party was prevented from
questioning potential jury members who ultimately sat on the jury.  Ratliff v. State, 690 S.W.2d 597, 600
(Tex. Crim. App. 1985); Splawn v. State, 949 S.W.2d 867, 871-72 (Tex.
App.CDallas
1997, no pet.).  A trial court is
required to grant additional time for jury questioning Awhen a
legitimate request, based on a showing of need to proffer material and
necessary questions, has been made.@  Clemments,
940 S.W.2d at 211.  The trial court
should not restrict proper questions which are designed to discover a potential
jury member=s views
on an issue relative to the case.  McCarter
v. State, 837 S.W.2d 117, 121-22 (Tex. Crim. App. 1992).  However, the fact that an attorney may have
been prevented from asking one or more relevant questions of prospective jury
members does not transform an otherwise reasonable time limit into an
unreasonable one.  Splawn, 949
S.W.2d at 872.  

For example, in Cantu v. State, the
court of criminal appeals upheld a similar limitation on the time allocated for
voir dire.  Cantu, 842 S.W.2d at
687.  In that case, the trial
court allowed only half an hour for questioning of an individual potential jury
member.  Id. at 686-87.  This time limit was imposed prior to the
beginning of jury questioning, and was enforced against the appellant in that
case.  Id.  The Cantu court held that such a time
limit was reasonable in light of the Atotality of the voir dire.@  Id. at 687.








In this case, the issues involved were
simple.  The attorneys for both parties
were able to ask questions related to the possible bias or prejudice of
potential jury members.  De La Garza=s
attorney submitted a bill of exception containing a list of questions that he would
have asked the jurors if he had been granted the fifteen additional minutes to
question the panel that he requested. 
Some of these questions were either repetitive of other questions asked
by De La Garza=s attorney, or were asked in substantially
the same form by Beckett=s attorney, and appear designed to unduly
prolong the voir dire process.[1]  Other questions submitted by De La Garza do
not appear to be designed to reveal the biases of the panel members.[2]  While some of counsel=s
remaining questions might have been designed to reveal bias, he would have been
able to ask those questions had he better allocated his time.[3]  

De La Garza=s
attorney did not question many of the jurors individually, as his questions
were directed to the entire panel at once. 
Thus, several members of the jury chosen in this case were not
questioned individually by De La Garza=s attorney.  However, the additional questions contained
in De La Garza=s bill of exceptions were likewise
directed at the entire panel of jurors rather than at individual jury members. In sum, we find that the trial court=s
refusal to grant De La Garza additional time did not constitute an abuse of
discretion in light of the totality of the voir dire examination.  Accordingly, we overrule De La Garza=s first
issue.  

Exclusion of Expert Witness








In De La Garza=s second
issue, she argues that the trial court improperly refused to allow Officer
Gilliam to testify as an expert witness. 
We find that De La Garza has failed to preserve this error.

In order to preserve an error related to
the testimony of an expert witness, a party must first make an offer of proof
or a formal bill of exceptions.  Tex. R. App. P. 33.2.  In that offer or bill, the party must specify
what the proffered witness would have testified to if he had been allowed to
testify.  Tex. R. Evid. 103(a)(2); Warner v. State, 969 S.W.2d
1, 2 (Tex. Crim. App. 1998).  Only by
such measures may the failure to allow an expert witness=s
testimony be preserved.  Fletcher v.
Minnesota Mining & Mfg. Co., 57 S.W.3d 602, 606 (Tex. App.CHouston
[1st Dist.] 2001, no pet.).  In this case,
De La Garza failed to offer such a bill of exceptions, and has thus waived
error on this issue.  Accordingly, De La
Garza=s second
issue is overruled.  

Sufficiency of the Evidence

In De La Garza=s fourth
issue, she argues that the evidence supporting the jury=s
determination of medical damages and the jury=s
assignment of respective liability to the parties was both factually and
legally insufficient.  








In reviewing the factual sufficiency of a
jury verdict, we must review all the evidence in the record.  Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996).  We will overturn a trial
court=s
factual findings only if the challenged findings shock the conscience, clearly
demonstrate bias, or are so obviously weak or contrary to the great weight and
preponderance of the evidence as to be manifestly unjust.  Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex. 1998); Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986).  If those factual
findings are found to be against the great weight and preponderance of the
evidence, we must set aside the verdict and remand the cause for a new
trial.  In re King=s Estate, 244
S.W.2d 660, 661 (Tex. 1951).  

We review a legal sufficiency challenge by
considering all the evidence in the light most favorable to the prevailing
party, indulging every reasonable inference in that party=s favor.  Formosa Plastics Corp. v. Presidio Eng=rs &
Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998); Norwest Mortgage, Inc. v.
Salinas, 999 S.W.2d 846, 853 (Tex. App.BCorpus
Christi 1999, pet. denied).   A Ano
evidence@
standard of review is applied when the party not bearing the burden of proof at
trial challenges a finding of fact by arguing that the evidence is legally
insufficient to support the finding.  Hickey
v. Couchman, 797 S.W.2d 103, 109 (Tex. App.BCorpus
Christi 1990, writ denied).  A legal
sufficiency point may only be sustained when the evidence conclusively
establishes the complete absence of a vital fact, the record discloses no more
than a mere scintilla of evidence to prove a vital fact, or the court is bound
by rules of law or evidence from giving weight to the only evidence offered to
prove a vital fact, or the evidence conclusively establishes the opposite of a
vital fact.  Hines v. Comm=r for
Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.CCorpus
Christi 2000, no pet.).  








We find that the evidence was both legally
and factually sufficient to support the jury=s
determination as to medical damages.  The
only witness presented on the damages issue was Chiropractor Bradley Hawkins,
who testified that he had treated De La Garza subsequent to the accident for
neck pain, headaches, and dizziness.  Dr.
Hawkins testified that these symptoms were consistent with an automobile
accident.  However, Hawkins further
testified that he had treated De La Garza prior to the accident, in reference
to injuries she incurred as a result of a 1996 automobile accident.  He testified that she had suffered neck pains
at that time as well, and that her current neck pain may have been related to
that prior accident.  He testified that
De La Garza suffered from arthritis, which may result in neck pain.  He further testified that De La Garza
suffered from high blood pressure, which includes possible symptoms such as
headaches and dizziness.  

We find that, in light of Hawkins=s
testimony, the jury could have concluded that the symptoms that De La Garza
suffered were unrelated to the accident in this case.  Further, even though Hawkins was the sole
witness to testify as to the injuries suffered by De La Garza, the jury may
have chosen not to believe his testimony. 
See Caller Times Publ=g Co. v. Triad Communications, Inc. , 855
S.W.2d 18, 18 (a jury may choose to believe or disbelieve any or all testimony
of a witness).  The jury is the sole
judge of the credibility of the witnesses, and an appellate court may not
review such a determination of credibility on appeal.  Walter Baxter Seed Co. v. Rivera, 677
S.W.2d 241, 244 (Tex. App.BCorpus Christi 1984, writ ref=d
n.r.e.).  













De La Garza relies on several cases to
bolster her argument that the jury should have found at least some medical
damages beyond the $70 emergency room fee. 
See Srite v. Owens-Illinois, Inc., 870 S.W.2d 556, 558 (Tex. App.CHouston
[14th Dist.] 1993), rev=d on other grounds, 897
S.W.2d 765, 769 (Tex. 1995); Hyler v. Boytor, 823 S.W.2d 425, 427 (Tex.
App.CHouston
[1st Dist.] 1992, no writ); Hammett v. Zimmerman, 804 S.W.2d 663, 666
(Tex. App.CFort
Worth 1991, no writ).  These cases do not
support De La Garza=s argument.  In Srite, as in this case, the
injuries suffered by the plaintiffs were supported only by inconclusive
testimony of expert witnesses.  Srite,
870 S.W.2d at 563.  Therefore, the Srite
court held that the evidence was sufficient to support the judgment
awarding zero actual damages.  Id.  In Hyler, the plaintiff presented
objective evidence demonstrating an injury in the form of a CAT scan.  Hyler, 823 S.W.2d at 427.  Nonetheless, the Houston First District court
affirmed a jury verdict awarding the plaintiff zero damages, noting that the
injuries could be attributed to causes other than the accident.  Id. at 427-28.  In Hammett, the Fort Worth court
reversed the jury finding of no actual damages based on undisputed, objective
evidence of injury provided at trial, including testimony from a treating
physician who had examined x-rays taken shortly before and after the accident
in question.  Hammett, 804 S.W.2d
at 668-69.  No mention is made in Hammett
of any other alternative cause of the injury.  Hammett is therefore readily
distinguishable from the present case, as many of the symptoms complained of by
De La Garza are subjective, such as her headaches, and Dr. Hawkins was unable
to rule out other potential causes of De La Garza=s symptoms.  There was no undisputed objective evidence
produced at trial demonstrating the causation and extent of De La Garza=s
injuries.  In light of these facts,
reviewing all the evidence before us, we conclude that the jury verdict as to
damages was not so against the great weight and preponderance of the evidence
as to be clearly wrong and manifestly unjust. 
Maritime Overseas Corp., 971 S.W.2d at 406-07; Pool, 715
S.W.2d at 635. Viewing the evidence in the light most favorable to Beckett as
the prevailing party, we do not find that the evidence conclusively
demonstrates error in the jury=s damage award, and find that there was
more than a scintilla of evidence to support the award.  See Hines, 28 S.W.3d at 701.








As to De La Garza=s
arguments concerning the allocation of comparative responsibility in this case,
we find that the jury=s determination that Beckett was 80%
responsible, and De La Garza 20% responsible, was supported by factually and
legally sufficient evidence.  De La Garza
testified by way of deposition that she saw Beckett enter the intersection, but
she thought that she could beat him through it. 
She stated that she quit watching him at that point.  While the jury was presented with evidence
indicating that Beckett failed to yield and was clearly responsible in part for
the accident=s
occurrence, we find that De La Garza=s own testimony was sufficient to support
a determination that she was at least partially responsible for the injuries
she incurred, due to her failure to watch Beckett=s
oncoming vehicle and her judgment in proceeding through the intersection
despite initially seeing him enter it. 
Therefore, applying the above-stated standards for factual and legal
sufficiency of the evidence, we find that the evidence was sufficient to
support the comparative responsibility determination made by the jury.  See Maritime Overseas Corp., 971
S.W.2d at 406-07; Hines, 28 S.W.3d at 701.

Accordingly, we overrule appellant=s issue
number four.  

Negligence Per Se

In her third issue, De La Garza argues
that the trial court failed to include in the jury charge an instruction
related to her claim of negligence per se.  

De La Garza=s requested
instruction to the jury was, in relevant part, as follows: 

ANegligence
Per Se@ is the
violation of a law, statute, or code designed to protect a member of the
public: Texas Transportation Code ' 545.15 (a) states as follows: 

 

AAn
operator approaching an intersection shall stop, yield and grant immediate use
of the intersection in obedience to an official traffic control device,
including a stop sign or yield right of way sign; and 92) [sic] after stopping.@

 

In a
cause of action based on both negligence and negligence per se, for
instance, a party is entitled to an instruction on the standard of care derived
from the statute as well as an instruction on negligence, when the statute goes
beyond or is different from the common law duty.

 








A claim that the trial court failed to
issue a proposed jury instruction is subject to an abuse of discretion
analysis.  In re V.L.K., 24 S.W.3d
338, 341 (Tex. 2000).  In order to
preserve error on a claim that a trial court refused to issue a proposed
instruction, it must be demonstrated that: 1) the complaining party must have
presented a written request to the court that the omitted instruction be
included in the charge; and 2) the party must have tendered the proposed
instruction to the court in substantially correct language.  Tex.
R. Civ. P. 278; Gilgon v. Hart, 893 S.W.2d 562, 565 (Tex. App.BCorpus
Christi 1994, writ denied.  If error was
preserved, the question to be considered on appeal is whether the proposed
instruction was reasonably necessary to enable the jury to render a proper
verdict. Texas Worker=s Comp. Ins. Fund v. Mandlbauer, 34
S.W.3d 909, 912 (Tex. 2000).     

Without passing on propriety of this
proposed instruction,[4]
we find that it was not necessary in this case for the rendition of an proper
verdict.  Appellant argues on appeal that
the omission of the requested instruction caused the rendition of an improper
verdict because Athe jury was not properly informed that a
common law violation of the Transportation Code had occurred . . . [which]
probably caused the jury to not find appellee 100% at fault.@ 








We disagree.  Under the doctrine of negligence per se,
a finding that one party violated the statutory law constitutes a finding that
that party was negligent as a matter of law, provided that the statute was
designed to prevent injury to the class of persons to which the injured party
belongs.  El Chico Corp. v. Pool,
732 S.W.2d 306, 312 (Tex. 1987). 
However, the doctrine of proportionate responsibility still applies to a
cause of action in which the jury has found negligence per se, provided
that the claim does not fall within one of the enumerated exceptions to that
doctrine in chapter 33 of the civil practice and remedies code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 33.002(c) (Vernon Supp. 2002); Smith
v. Sewell, 858 S.W.2d 350, 356 (Tex. 1993). 
Those enumerated exceptions are: 1) worker=s
compensation claims or exemplary damages suits against an employer arising out
of the death of an employee; 2) any claim for exemplary damages; and 3) causes
of action arising from the manufacture of methamphetamines.  Tex.
Civ. Prac. & Rem. Code Ann. ' 33.002(c) (Vernon Supp. 2002).

In this case, the jury heard evidence
during trial concerning Beckett=s failure to yield, specifically Beckett=s own
testimony that he had been charged with failure to yield the right of way.[5]  The jury in fact did find him at fault in
this case.  However, simply because they
found Beckett negligent in his conduct did not preclude them from finding De La
Garza to be also negligent in causing the accident.  As stated supra, sufficient evidence
was adduced regarding the fault of both Beckett and De La Garza to support the
jury=s
determination that De La Garza was 20% negligent.  There is no claim made that De La Garza=s claim
falls within one of the three enumerated exceptions to the rule for proportionate
responsibility.  Therefore, appellant=s
assertion that the omitted instruction was necessary in order for the jury to
have Aprobably@ assigned
all liability to appellee, misstates the law applicable to the case.   We do not find that the  proposed instruction was necessary for the
rendition of a proper verdict, and overrule De La Garza=s third
issue.  








Motion for New Trial

In her fifth issue, appellant argues that
the trial court erred in refusing to grant her motion for new trial.  The decision of a trial court denying a
motion for new trial is subject to an abuse of discretion standard.  Pharo v. Chambers County, 922 S.W.2d
945, 947 (Tex. 1996).  In this issue, De
La Garza merely repeats the arguments contained in issues one through four, and
these four issues were also the basis for the motion for new trial.  Having found that those issues lack merit, or
were not preserved for appeal, we find that the trial court did not abuse its
discretion in denying a motion for new trial on those grounds.  Accordingly, we overrule appellant=s fifth
issue.   

Conclusion

Having overruled appellant=s issues, we affirm the judgment of the
trial court.  

 

ERRLINDA
CASTILLO

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3(b).

 

Opinion delivered and
filed

this 22nd day of
August, 2002.

 











[1] For
instance, question number 14, which asks whether any jurors have ever had aches
or pains in their muscles or joints, is similar to one asked by Beckett=s
attorney, who questioned the jurors as to whether they had ever suffered from
headaches, neck aches, or dizziness.  





[2]  For example, question number 18 asks whether
jurors feel that they do not have adequate time to devote to the trial, and
question number 8 asks whether the jurors believe that trauma from an
automobile accident may be harmful.  





[3]  De La Garza=s
attorney spent much of his time during voir dire examination asking jurors
whether they knew each other.  





[4] We
note that the proposed jury instruction differs significantly from that
contained in the Pattern Jury Charges.  See
State Bar of Tex., Texas Pattern
Jury Charges PJC 5.1, 5.3 (1996). 






[5]  As described above, Officer Gilliam did not
testify as to who was at fault in the accident, and the accident report
admitted into evidence did not implicate either party as being guilty of a
traffic violation.