Opinion issued May 1, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-98-01435-CV




RENEE FRANCIS, Appellant

V.

THE DOW CHEMICAL COMPANY AND JOSEPH HEGYESI, Appellees




On Appeal from the 281st District Court
 Harris County, Texas
Trial Court Cause No. 95-29547




MEMORANDUM OPINION ON REMAND FROM
THE SUPREME COURT OF TEXAS
          The trial court rendered a take-nothing judgment against appellant Renee
Francis in her employment-discrimination lawsuit against appellees The Dow
Chemical Company and its employee Joseph Hegyesi. On appeal, we held (1) the
trial court erred in rendering a partial no-evidence summary judgment on the fraud
issue, (2) the evidence was legally insufficient to support the jury’s verdict that sex
and age were not motivating factors in Dow’s treatment of Francis, (3) the trial court
erred in various evidentiary rulings, (4) the trial court demonstrated bias and
prejudice toward Francis, and (5) the evidence was legally and factually insufficient
to support the jury’s zero-damage verdict on Francis’s retaliation claim. Francis v.
Dow Chem. Co., 46 S.W.3d 264 (Tex. App.—Houston [1st Dist.] 2000). The
supreme court reversed our judgment, holding we erred in (1) holding the trial court
demonstrated bias and prejudice toward Francis, (2) not conducting a harm analysis
on the trial court’s alleged erroneous evidentiary rulings, (3) applying improper
standards for legal and factual sufficiency on the jury’s zero-damage verdict on
Francis’s retaliation claim, and (4) reversing the summary judgment without
considering the alternate ground to support it. Dow Chem. Co. v. Francis, 46 S.W.3d
237 (Tex. 2001). Pursuant to the supreme court’s remand, we now (1) conduct a
harm analysis on the trial court’s evidentiary rulings, (2) re-review the legal and
factual sufficiency of the jury’s award of zero damages on Francis’s retaliation claim,
and (3) consider the alternate ground on which the no-evidence summary judgment
was based.



Harm Analysis on Evidentiary Rulings
          We previously sustained five of Francis’s evidentiary complaints that the trial
court erred in: (1) admitting hearsay evidence from witnesses that Francis was a data
analyst, rather than a supply manager; (2) excluding a copy of Hegyesi’s personnel
file; (3) admitting testimony that contradicted Dow documents showing Francis had
the job title of “supply manager”; (4) excluding deposition testimony about the
importance of “job points”; and (5) excluding Jim Newell’s testimony about
Hegyesi’s alleged discriminatory attitude toward women. 46 S.W.3d at 278–80.
          The supreme court’s mandate, attached as an appendix to this opinion,
remanded the cause “to the court of appeals for further proceedings in conformity
with this Court’s opinion.” In its opinion, the supreme court did not decide whether
we erred in our substantive analysis of the evidentiary rulings. 46 S.W.3d at 241. 
Instead, the supreme court concluded that we erred in not conducting a harm analysis. 
Id.
          On remand, Dow asks us to revisit our previous ruling that the trial court erred
in its evidentiary rulings. We decline based on the law-of-the-case doctrine. Under
that doctrine, questions of law decided on appeal to a court of last resort govern the
case throughout its subsequent stages. Hudson v. Wakefield, 711 S.W.2d 628, 630
(Tex. 1986). The supreme court’s decision was that we erred in not conducting a
harm analysis. In its opinion or mandate the supreme court could have directed us to
revisit our original determination that the trial court erred, but it did not. 
Accordingly, we now conduct a harm analysis to determine if the errors probably
caused the rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1).



Evidence that Francis was a data analyst, rather than a supply manager
          The trial court admitted hearsay evidence from witnesses that Francis was a
data analyst, rather than a supply manager. On remand, Dow points to numerous
instances in the record where testimony was admitted without objection that Francis
was a data analyst. The improperly admitted and objected-to evidence is, therefore,
harmless. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989).
Hegyesi’s personnel file
          The trial court excluded a copy of Hegyesi’s personnel file, which Francis
offered to demonstrate that Hegyesi, like Francis, was sometimes late in arriving for
meetings. Hegyesi admitted this was “a problem” for him. Hegyesi then denied he
had ever been critiqued for his tardiness. Francis did not attempt to impeach Hegyesi
at that time with his personnel file, but later offered the file while cross-examining
Richard Gerardo, Hegyesi’s supervisor, to “show that Mr. Hegyesi himself had a
problem with attendance and tardiness.” We hold that the error in excluding the
personnel file was harmless, because the jury had already heard Hegyesi’s testimony
that he had a problem with tardiness.
Francis’s “supply manager” job title was mistakenly entered into Dow’s computer
          The trial court admitted Preston Johnson’s hearsay testimony that Francis’s
“supply manager” job title was mistakenly entered into Dow’s computer. We are not
persuaded that the error was harmful. Francis presented the jury with two documents
from Dow’s personnel office that showed she had the title “supply manager.” 
Johnson’s testimony was directed at only one of the documents, plaintiff’s exhibit
211, and there were numerous other documents in evidence that listed Francis’s job
title as “supply manager.” Although the dispute over Francis’s job title was a key
issue at trial, we hold that the admission of Johnson’s testimony was harmless.
Lawrence Washington’s testimony about the importance of job or Hay points
          The trial court excluded the deposition testimony of Lawrence Washington,
Dow’s global human resources director, about the importance of job or Hay points. 
We previously held that this testimony was relevant to Francis’s discrimination and
retaliation claims. 46 S.W.3d at 279. On remand, Dow continues to argue that the
testimony was irrelevant, rather than claim the error was harmless, and Dow points
us to no other evidence admitted at trial concerning the importance of job or Hay
points versus the personal-points Dow also used.
          We hold that the exclusion of Washington’s testimony was harmful because
this testimony from Dow’s chief human-resources manager went to a key contested
issue in the case: whether job or Hay points were ultimately more important than
personal points in deciding the importance of job positions at Dow. This testimony
is not cumulative of other evidence at trial and probably would have made a
significant impact with the jury.
Testimony about Hegyesi’s alleged discriminatory attitude
          Finally, the trial court excluded Jim Newell’s testimony about Hegyesi’s
alleged discriminatory attitude toward women. On remand, Dow does not contend
this evidence was harmless, but instead argues that this testimony should have been
excluded because its probative value is substantially outweighed by the danger of
unfair prejudice. See Tex. R. Evid. 403. Dow points us to no other similar evidence
admitted at trial.
          We hold that the exclusion of this evidence was harmful because it deprived
Francis of the opportunity to impeach Hegyesi’s testimony that his treatment of
Francis was not gender related. Based on its Rule 403 objection, Dow was also
concerned that the admission of this evidence would be harmful to its position.
Legal and Factual Sufficiency
          We next re-review the legal and factual sufficiency of the jury’s award of zero
damages on Francis’s retaliation claim, on which Francis had the burden of proof. 
See Tex. Lab. Code Ann. § 451.002(c) (Vernon 1996). When a party attacks the
legal sufficiency of an adverse finding on an issue on which she has the burden of
proof, she must demonstrate on appeal that the evidence establishes, as a matter of
law, all vital facts in support of the issue. Dow Chem. Co., 46 S.W.3d at 241; Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). In reviewing a “matter of
law” challenge, we must first examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary. Dow Chem. Co., 46 S.W.3d at
241; Sterner, 767 S.W.2d at 690. If there is no evidence to support the finding, we
then examine the entire record to determine if the contrary proposition is established
as a matter of law. Dow Chem. Co., 46 S.W.3d at 241; Sterner, 767 S.W.2d at 690.
          Question 10 in the charge asked the jury what sum of money would compensate
Francis for her (1) lost earnings and employee benefits and (2) compensatory
damages for emotional pain and suffering, inconvenience, mental anguish, and loss
of enjoyment of life. The charge then instructed the jury to (1) reduce any lost
earnings and employee benefits by other earnings and employee benefits Francis
earned or will earn and (2) not include any amount resulting from Francis’s failure
to seek commensurate employment. Based on the charge, there is some evidence to
support the jury’s award of zero damages on lost earnings and employee benefits,
because there was testimony that Francis received a $10,800 severance payment from
Dow, she earned more money in earnings in a contract job after leaving Dow, and she
eventually stopped seeking employment.
          Regarding Francis’s compensatory claims, Francis claims there is no evidence
to support the jury’s award of zero compensatory damages. Dow does not argue there
is evidence to support the zero-damage award, so we will examine the entire record
to determine if Francis has established her compensatory damages as a matter of law. 
In support of this claim, Francis testified that (1) she felt exploited, violated, “dead,”
depressed, humiliated, demeaned, et cetera and (2) she vomited, was unable to sleep,
had nightmares, smoked excessively, lost weight, cried, and felt nauseated. Her
psychologist diagnosed Francis with “post-traumatic stress syndrome” and testified
that Dow destroyed her belief in the American work ethic and that she was stunned,
numb, depressed, avoided life, had sleeping problems, and lost her appetite. A friend
of Francis testified that Francis had cried, was very agitated and afraid, and lost
confidence. Francis’s husband testified that she had trouble getting dressed to go to
work and that on one occasion he found her sitting in the back yard staring out into
space. Francis acknowledges that Dow challenged this testimony on cross-examination, but contends Dow’s efforts were “weak and ineffective.”
          The process of awarding damages for amorphous, discretionary injuries such
as mental anguish or pain and suffering is inherently difficult because the alleged
injury is a subjective, unliquidated, nonpecuniary loss. Dollison v. Hayes, 79 S.W.3d
246, 249 (Tex. App.—Texarkana 2002, no pet.). The process is not readily
susceptible to objective analysis. Because there are no objective guidelines to assess
the monetary equivalent to such injuries, the jury is given a great deal of discretion
in awarding an amount of damages it determines appropriate. Id.; Hicks v. Ricardo,
834 S.W.2d 587, 591 (Tex. App.—Houston [1st Dist.] 1992, no writ).
          The presence or absence of pain, either physical or mental, is an inherently
subjective question. In some instances, the injuries are so substantial and the
symptoms are so objective that an award of damages for pain and suffering is clearly
supported. In these instances, the failure to award such damages while
simultaneously awarding medical expenses would be erroneous. In other cases, the
objective indicia of injury are either less obvious or entirely absent. Dollison, 79
S.W.3d 245–50. The jury may deny such damages if the injuries sustained are
subjective in nature. See Blizzard v. Nationwide Mut. Fire Ins. Co., 756 S.W.2d 801,
805 (Tex. App.—Dallas 1988, no writ) (jury finding of no damages for pain and
suffering not improper when indicia of injury and damages more subjective than
objective).
          Francis admits that the testimony supporting her compensatory damage claims
was challenged on cross-examination, albeit “weakly.” In light of the subjective
nature of her claims, we cannot conclude she has established her compensatory
damages as a matter of law.
          We now review the factual sufficiency of Francis’s lost-earnings and
employee-benefit claims. When a party attacks the factual sufficiency of an adverse
finding on an issue on which she has the burden of proof, she must demonstrate on
appeal that the adverse finding is against the great weight and preponderance of the
evidence. Dow Chem. Co. 46 S.W.3d at 242; Croucher, 660 S.W.2d 55, 58 (Tex.
1983). The court of appeals must consider and weigh all of the evidence, and can set
aside a verdict only if the evidence is so weak or if the finding is so against the great
weight and preponderance of the evidence that it is clearly wrong and unjust. Dow
Chem. Co. 46 S.W.3d at 242; see Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.
1986).
          We originally considered only the evidence favorable to Francis’s retaliation
claim and did not review the evidence supporting the jury verdict. After considering
the testimony that Francis received a $10,800 severance payment from Dow, she
earned more money in earnings in a contract job after leaving Dow, and she
eventually stopped seeking employment, we conclude the evidence is not so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust.
          Turning to Francis’s factual-sufficiency argument on compensatory damages,
we note that challenges to a jury’s failure to award damages for subjective complaints
demand a particularized application of the well-established standards that govern
factual-sufficiency analysis. Srite v. Owens-Illinois, Inc. 870 S.W.2d 556, 558 (Tex.
App.—Houston [1st Dist.] 1993), rev’d on other grounds, Owens-Illinois, Inc. v.
Burt, 897 S.W.2d 765, 769 (Tex. 1995); see also Raul Gonzales & Robert Gilbreath,
Appellate Review of a Jury’s Findings of “Zero Damages,” 54 Tex. B.J. 418, 420
(1991). See generally Dow Chem. Co., 46 S.W.3d at 242 (reciting general test for
factual-sufficiency review). While the jury may not disregard objective symptoms of
an injury, the jury is free to disregard complaints that are purely subjective in nature,
because they are necessarily speculative and incapable of direct proof. Srite, 870
S.W.2d at 559; Hicks, 834 S.W.2d at 591; Hyler v. Boytor, 823 S.W.2d 425, 427–28
(Tex. App.—Houston [1st Dist.] 1992, no writ). Consistent with the jury’s role as the
sole judge of the credibility of witnesses and the weight to give their testimony, the
jury is free to disregard the complaining party’s subjective evidence. Srite, 870
S.W.2d at 559; see McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986).
          An appellate court is more likely to overturn a jury’s finding of no damages for
subjective complaints when the evidence tends more to show physical manifestations
of pain, and tends less to depend on the claimant’s own feelings and complaints. 
Hyler, 823 S.W.2d at 427; Blizzard, 756 S.W.2d at 805. The relevant inquiry,
therefore, is whether the indicia of injury are more subjective than objectively
verifiable. Srite, 870 S.W.2d at 559; Hyler, 823 S.W.2d at 427; Hammett v.
Zimmerman, 804 S.W.2d 663, 665 (Tex. App.—Fort Worth 1991, no writ). Examples
of objectively verifiable evidence to support an award of damages for subjective
complaints include: bone fractures, nerve damage, severe burns, lacerations,
tendinitis, torn muscles requiring surgery, reverse curvature of the spine, concussion,
and lumbar sprains. Hammett, 804 S.W.2d at 666.
          Dow challenged Francis’s compensatory-damages claim, and it is the province
of the jury to resolve these conflicts. McGalliard, 722 S.W.2d at 697; Srite, 870
S.W.2d at 559. In reviewing Francis’s complaints, we conclude that her injuries are
more subjective than objective. See Hyler, 823 S.W.2d at 428. We further conclude,
under the facts and circumstances demonstrated by the record presented here, that the
objective manifestations fall short of the degree of injury Texas courts have
recognized as tending to support an award of damages for pain and suffering. See
Hammett, 804 S.W.2d at 666. The jury was thus free to reject Francis’s testimony
concerning her subjective complaints of pain and mental anguish.
          We hold, in deference to the jury’s verdict, that the finding of zero damages for
compensatory damages is not so against the great weight and preponderance of the
evidence as to be manifestly unjust.
No-Evidence Summary Judgment
          We previously reversed the trial court’s no-evidence summary judgment that
Francis take-nothing on her claim that Dow and Hegyesi committed fraud. 46 S.W.3d
at 270–72. In the supreme court, Dow and Hegyesi did not challenge our holding that
facts existed about the alleged misrepresentation that precluded the rendition of
summary judgment. Instead, they argued—and the supreme court agreed—that we
should have considered their alternate argument that Francis failed to produce any
evidence of damages. Dow Chemical Co., 46 S.W.3d at 242.
          In a no-evidence summary judgment, the movant must specifically state the
elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). The burden then
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged elements. Id. When reviewing the grant of a no-evidence summary
judgment, we review the evidence in the light most favorable to the nonmovant,
disregarding all contrary evidence and inferences. Merrell Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is
improperly granted if the nonmovant brings forth more than a scintilla of evidence
to raise a genuine issue of material fact. Tex. R. Civ. P. 166a(i). There is less than
a scintilla of evidence when the evidence is “so weak as to do no more than create a
mere surmise or suspicion.” Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983). Conversely, there is more than a scintilla of evidence when the evidence
“rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions.” Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).
          In their no-evidence summary judgment, Dow and Hegyesi made the following
argument on damages:
To prove that she suffered damages as a result of the alleged false
statement, Plaintiff must prove she suffered damages other than the
failure to receive what she claims she was promised; in other words, the
mere fact that Plaintiff did not receive what she claims she was promised
will not support her claim of fraud. Hebisen v. Nassau Development
Co., 754 S.W.2d 345, 348 (Tex. Civ. App.—Houston [14th Dist.] 1988,
writ denied); see also Crawford v. Ace Sign, Inc., 917 S.W.2d 12, 14–15
(Tex. 1996) (per curiam).
Here, Plaintiff was not harmed or damaged by the alleged
statement. In fact, she testified that she planned to relocate to Houston
to join her husband prior to transferring to the Strategic Center, and did
not know how long she would remain with Dow if she had not
transferred to Houston. Plaintiff simply cannot point to any positions of
opportunities she declined or loss [sic] in order to accept the position in
the Strategic Center. Plaintiff cannot establish the fifth element of a
prima facie case, and, therefore, Defendants are entitled to judgment as
a matter of law.
          In her response to the motion for summary judgment, Francis argued as
follows:
The record before the court clearly reflects that Heygyesi
promised Francis North American Supply Manager with a minimum of
238 job points or Hay points. See Francis affidavit. Ms. Francis’[s]
affidavit, as well as the report of Dr. Schoenfeld, the plaintiff’s expert
on Dow’s use of the “Hay points” system, indicates the significance of
job points or Hay points in the Dow system. The job points were a
reflection of pay, prestige, position and future advancement within Dow.
This argument is supported by Francis’s summary-judgment evidence:
Joe Hegyesi promised and offered me the position of North American
Supply Manager and promised me clearly, distinctly and unequivocally
that the job would carry a minimum of 238 “job points” or Hay Points.” 
That was very important to me because of its significance for pay,
prestige and career advancement within Dow. . . . In reliance on his
promise of a position with 238 job points, at a minimum, I accepted his
offer.
          On remand, Dow and Hegyesi argue that: (1) Francis suffered no damages
because her salary she received was within the salary range for an employee with the
238 Hay points allegedly promised to her; (2) her damage claim for loss of prestige
and position is too intangible to constitute a scintilla of evidence; and (3) employment
at will precludes her claims for future damages. We will focus on the second
argument.
          Dow’s and Hegyesi’s argument that Francis’s damage claim for loss of prestige
and position is too intangible to constitute a scintilla of evidence is essentially an
argument that Francis’s claim was too speculative. This is an objection as to form,
to which Dow and Hegyesi were required to object in the trial court and secure a
ruling. See Grand Prairie Indep. Sch. Dist. v. Vaughn, 792 S.W.2d 944, 945 (Tex.
1990); Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). They did not object as to form, so the
argument that the damage claim is too intangible has been waived.
          Dow and Hegyesi cite to the supreme court’s opinion in Formosa Plastics
Corp. USA v. Presidio Engineers & Contractors, Inc. for the proposition that benefit-of-the-bargain damages must be recovered if proved with reasonable certainty. 960
S.W.2d 41, 50 (Tex. 1998). We agree with this proposition, but Francis’s burden in
opposing the no-evidence motion for summary judgment was merely to bring forth
more than a scintilla of evidence to raise a genuine issue of material fact, not to prove
her damages. See Tex. R. Civ. P. 166a(i). There was summary-judgment evidence
of the importance of the North American Supply Manager position, and it is obvious
there is some intrinsic economic value to an employee in holding certain employment
positions. We hold Francis brought more than a mere scintilla of evidence on her
damages and that the trial court erred in rendering a no-evidence summary judgment.
Conclusion
          After conducting the harm analysis on the trial court’s evidentiary rulings and
considering the no-damages ground in Dow’s and Hegyesi’s no-evidence motion for
summary judgment, we conclude there is reversible error in the trial court’s judgment. 
Accordingly, we reverse the trial court’s judgment and remand the cause to that court
for further proceedings, except for the portion of the no-evidence summary judgment
dismissing Francis’s misrepresentation, libel, slander, and slander per se claims
against Dow and Hegyesi, which Francis does not challenge on appeal.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Appendix


IN THE SUPREME COURT OF TEXAS




NO. 00-0299



The Dow Chemical Company and Joseph Hegyesi, Petitioners

v.

Renee K. Francis, Respondent

MANDATE

          To the District Court of Harris County, Greetings:

           Before our Supreme Court on the 26th day of April A.D. 2001, the Cause, upon
petition for review, to revise or reverse your Judgment.
           No. 00-0299 in the Supreme Court of Texas
           No. 01-98-01435-CV in the First Court of Appeals
           No. 95-029547 in the 281st District Court of Harris County, Texas was determined;
and therein our said Supreme Court entered its judgment or order in these words:
           THE SUPREME COURT OF TEXAS, having heard this cause on petition for review
from the Court of Appeals for the First District, and having considered the appellate record
and briefs of counsel, but without hearing oral argument, under Rule 59.1, Texas Rules of
Appellate Procedure, is of the opinion that the judgment of the court of appeals should be
reversed.
           IT IS THEREFORE ORDERED, in accordance with the Court’s opinion, that:
                                                       1)       The court of appeals’ judgment is reversed;
 
                                                       2)       The cause is remanded to the court of appeals for
further proceedings in conformity with this
Court’s opinion;
 
                                                       3)       The Dow Chemical Company and Joseph Hegyesi
shall recover, and Renee K. Francis shall pay, the
costs incurred in this Court.
 
                                                       4)       The court of appeals’ opinion is ordered published
pursuant to Tex. R. App. P. 47.3(d).
 
           A copy of this judgment and of the Court’s opinion is certified to the Court of Appeals
for the First District and the District Court of Harris County, Texas, for observance.
 
           Wherefore we command you to observe the order of our said Supreme Court in this
behalf, and in all things to have recognized, obeyed, and executed.
                      BY ORDER OF THE SUPREME COURT OF THE STATE OF TEXAS,
                                                                             with the seal thereof annexed, at the City of
                                                                             Austin, this the 26th day of June A.D. 2001
           [L.S.]                                                         JOHN T. ADAMS, Clerk
 
                                                                             By /s/ Tanya Hunter 
                                                                                        Tanya R. Hunter, Deputy Clerk